IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHAD GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1351 (MN) |
| | ) | |
| LT. CALLOWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 30th day of May 2024;

Plaintiff Chad Goins appears *pro se* and *in forma pauperis*.  Plaintiff, who is incarcerated, filed this action under 42 U.S.C. § 1983 against several state employees, as well as Centurion, the former medical services provider for the Delaware Department of Correction, and Nurse Erin McCall, a Centurion employee (collectively, "the Centurion Defendants").  The Amended Complaint (D.I. 13) is the operative pleading.  Before the Court is the Centurion Defendants' motion to dismiss (D.I. 30) and Plaintiff's motion for an order prohibiting further retaliation (D.I. 37).  Plaintiff has filed a response in opposition to the motion to dismiss.  (D.I. 32).

## I.     BACKGROUND

Plaintiff's allegations as to the Centurion Defendants, which are accepted as true at this stage of the proceedings, are as follows.  Plaintiff and his temporary cellmate had a conflict regarding space in the cell for Plaintiff, who is a Muslim, to pray.  Plaintiff's mental illness was "triggered," and he asked to speak with someone in the mental health department.  Defendant McCall entered the room, but Plaintiff refused to speak to her because she is also a trigger of his mental illness, a fact of which she is aware.  He requested to speak to someone else in the department, but Defendant McCall informed him that it was his chance to speak to someone, he

would not be able to speak to anyone besides her, and that if he really needed to speak to someone, he would be willing to speak with her.  Plaintiff declined, and Defendant McCall told the correctional officer not to call mental health for Plaintiff again.

Plaintiff asserts deliberate indifference claims against Defendant McCall and Centurion, alleging that Centurion's failure to train her and its policies resulted in Plaintiff's treatment request being ignored.  Plaintiff requests damages as well as declaratory and injunctive relief.

The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B), identified what appeared to be cognizable and non-frivolous § 1983 claims against the Centurion and State Defendants, and allowed the case to proceed.

In their motion to dismiss, the Centurion Defendants argue that Plaintiff failed to state a claim against them.  In response, Plaintiff urges denial of the motion on the grounds that this Court already concluded he had stated non-frivolous claims.

## II.    LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11.  Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even

if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal under Rule 12(b)(6) is appropriate if a
complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief
that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also
Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions
and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997);
*Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).
Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery
will reveal evidence of [each] necessary element" of a plaintiff's claim.  *Wilkerson v. New Media
Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  A
complaint may not be dismissed, however, for imperfect statements of the legal theory supporting
the claim asserted.  *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

## III.   <u>DISCUSSION</u>

Although Plaintiff was allowed to proceed on his claims following screening, the Court
now has the benefit of adversarial briefing, and concludes that Plaintiff has failed to state a claim
against the Centurion Defendants.

The Eighth Amendment proscription against cruel and unusual punishment requires that
prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-
05 (1976).  In order to set forth a cognizable claim, an inmate must allege (i) a serious medical
need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.
*Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately

indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner has no right to choose a specific form of medical treatment. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 10, 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). "Mere disagreement as to the proper medical treatment is insufficient" to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Treatment is presumed to be proper, absent evidence that there was a violation in the standard of care. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (noting that negligence is not compensable as a constitutional deprivation).

The Court concludes that Plaintiff has merely alleged a disagreement with his course of treatment, by rejecting the provider available to him. Although he alluded to past issues with Defendant McCall, his allegations were insufficient to demonstrate that her offer to provide care was constitutionally deficient. Furthermore, his assertion that he felt his mental illness "triggered" falls below the constitutional standard for a serious medical need.

With regard to Centurion, when a plaintiff relies upon a theory of *respondeat superior* to hold a corporation liable (rather than its employees or agents themselves), he must allege a policy or custom that demonstrates such deliberate indifference. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Ultimately, to establish that Centurion is directly liable for the alleged constitutional violations, Plaintiff "must

4

provide evidence that there was a relevant [Centurion] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." *Natale*, 318 F.3d at 583-84.  Even assuming Plaintiff had stated a claim for a constitutional violation against Defendant McCall, the Amended Complaint does not refer to any policy or custom of Centurion that caused it.  Accordingly, the claim against Centurion will be dismissed.

Plaintiff will be given one opportunity to file a second amended complaint remedying these deficiencies.  Plaintiff is advised, however, that if he chooses to file a second amended complaint, it will supersede, i.e., replace, the Amended Complaint and, accordingly, must include his claims against the State Defendants.  Plaintiff may not add any new claims.

Plaintiff's motion for an order to prohibit any further retaliation (D.I. 37) will be denied. If Plaintiff wishes to assert claims based on retaliation for this lawsuit, he must do so in a new lawsuit.

## IV.    **CONCLUSION**

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1.       The Centurion Defendants' motion to dismiss (D.I. 30) is GRANTED.

2.       Plaintiff is given leave to file a superseding second amended complaint on or before July 11, 2024, remedying the deficiencies identified herein.  Should Plaintiff choose not to timely file a second amended complaint, the Centurion Defendants will be terminated from the case and a scheduling order will issue for moving forward on Plaintiff's claims against the State Defendants.

3.       Plaintiff's motion for an order to prohibit any further retaliation (D.I. 37) is **DENIED**.

The Honorable Maryellen Noreika
United States District Judge

5